UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUSAN OSAGIEDE,

                            Plaintiff,                  **MEMORANDUM & ORDER**
-against-                                18-cv-07358 (DLI)(SJB)

CARLO SHIPPING INTERNATIONAL INC. and
CARLOS FELIU,

                            Defendants.
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

       On January 7, 2019, Susan Osagiede ("Plaintiff") filed this diversity action pursuant to 28 U.S.C. § 1332 against Carlo Shipping International Inc. ("CSI") and Carlos Feliu ("Feliu") (collectively, "Defendants"), alleging claims arising under New York law for breach of contract, intentional infliction of emotional distress, fraud, breach of duty of good faith and fair dealing, detrimental reliance, misrepresentation, fraudulent conversion, unjust enrichment, and violation of New York State General Business Law ("NYSGBL") § 349. *See generally*, Complaint, Dkt. Entry No. 1 ("Compl."). On March 26, 2021, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See*, Defs.' Mem. of Law in Supp. of Mot. for Summary J. Pursuant to R. 56 ("Defs.' Mem."), Dkt. Entry No. 45-2; Defs.' Statement Pursuant to Local R. 56.1 ("Defs.' 56.1"), Dkt. Entry No. 49. Plaintiff opposed the motion. *See*, Pl.'s Mem. in Opp'n to Defs.' Mot. for Summary J. ("Pl. Opp'n"), Dkt. Entry No. 46. Defendants replied. *See*, Defs.' Reply Mem. of Law ("Defs.' Reply"), Dkt. Entry No. 47. For the reasons set forth below, Defendants' summary judgment motion is granted, and Plaintiff's complaint is dismissed in its entirety.

**BACKGROUND**

I.  **Local Civil Rule 56.1**

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried. *See*, Local Civ. R. 56.1(a). A party opposing a motion for summary judgment must submit "a corresponding numbered paragraph responding to each numbered paragraph in the statement of the moving party." *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 Statement. *See*, Local Civ. R. 56.1(c); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).

Defendants submitted a statement of purportedly undisputed facts pursuant to Local Civil Rule 56.1. *See*, Defs.' 56.1. Plaintiff failed to submit a Rule 56.1 Statement in response. Accordingly, by Electronic Order issued on August 5, 2021, the Court deemed the facts set forth in Defendants' Rule 56.1 Statement admitted. *See*, Electronic Order dated August 5, 2021 and Local Civ. R. 56.1(c); *See also*, *Estate of Keenan v. Hoffman-Rosenfeld*, 2019 WL 3416374, at *12 (E.D.N.Y. July 29, 2019), *aff'd*, 833 F. App'x 489 (2d Cir. 2020) (deeming admitted defendants' Rule 56.1 Statement where plaintiffs submitted "non-corresponding, and predominantly unresponsive" Rule 56.1 Statement); *Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011) ("Where a nonmovant fails to file a statement or files a deficient statement, courts frequently deem all supported assertions in the movant's statement admitted and find summary judgment appropriate."). "The purpose of these rules is to enhance the Court's efficiency in reviewing motions for summary

judgment by freeing the Court from hunting through a voluminous record without guidance from the parties." *Watt v. New York Botanical Garden*, 2000 WL 193626, at n.1 (S.D.N.Y. Feb. 16, 2000).

Nonetheless, Defendants are not absolved of their burden to show that they are entitled to judgment as a matter of law and their Rule 56.1 Statement is not a "vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz*, 258 F.3d at 74; *See also*, *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[T]he district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion.") (citation omitted).

As it must, the Court has considered only facts that are established by admissible evidence and disregarded conclusory allegations and legal arguments contained in the 56.1 statement. *See*, *Holtz*, 258 F.3d at 73 ("[W]here there are no [] citations or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion.") (internal quotation marks and citations omitted).

## II.     Factual Background

Plaintiff, a citizen of New York, entered into an agreement with CSI, a New Jersey corporation, and Feliu, the Chief Executive Officer of CSI and a citizen of New Jersey, to have the Defendants act as a freight forwarder to ship Plaintiff's goods from New York to Lagos, Nigeria. Defs.' 56.1 at ¶ 1; Compl. at ¶ 8. Plaintiff's goods consisted of four (4) vehicles and two (2) pallets of personal effects. Defs.' 56.1 at ¶ 2; *See*, Pl. Opp'n at Exhibit A, Dkt. Entry No. 46-1. One of Plaintiff's vehicles, specifically the 2010 Toyota Camry identified by VIN 4TBF3EK9AU574508 ("Camry") was delivered to Defendants without title. Defs.' 56.1 at ¶ 2; *See*, Pl. Opp'n at Exhibit A. The lack of title was noted on the dock receipt with the letters "NT" next to the Camry's

3

description. Defs.' 56.1 at ¶ 2; *See*, Pl. Opp'n at Exhibit A. CSI loaded Plaintiff's goods, including the Camry, into a container to present it to the United States Customs and Border Protection Agency ("U.S. Customs") for clearance. *See*, Defs.' Mem. at 5.

On October 16, 2018, CSI presented Plaintiff's container for clearance to U.S. Customs and the container was randomly selected for further screening. Defs.' 56.1 at ¶ 5. Upon further screening, U.S. Customs discovered that the title for the Camry was never presented to its officers for examination and assessed a $10,000 penalty against CSI. *Id*. at ¶¶ 5-6. Once Plaintiff provided CSI with the title to the Camry, CSI presented it to U.S. Customs on November 8, 2018 to correct the discrepancy. *See*, Defs.' Mem. at 5. CSI informed Plaintiff of the penalty and requested a payment in the event Defendants were required to pay it. Defs.' 56.1 at ¶ 7. On December 5, 2018, CSI petitioned U.S. Customs for relief from the penalty. *See*, Defs.' Mem, Exhibit H. Defendants refused to provide Plaintiff with release documents for her goods until Plaintiff made payment for the penalty or U.S. Customs responded to Defendants' request for relief from the penalty. *Id*. at ¶ 8.

Once Plaintiff's container was cleared for shipment by U.S. Customs, Defendants tendered Plaintiff's goods to the carrier, Grimaldi Deep Sea S.p.A., for shipment to a port in Lagos, Nigeria on November 24, 2018. Defs.' 56.1 at ¶ 3. Plaintiff's goods arrived in Lagos, Nigeria on December 14, 2018. *Id*. at ¶ 4. On March 11, 2019, CSI provided Plaintiff with the release document via email. *Id*. at ¶ 11. On April 24, 2019, U.S. Customs sent a letter to CSI with their decision to cancel the penalty based on Defendants' petition. *See*, Defs.' Mem., Exhibit L.

In essence, Plaintiff's claims in this action are based on the delay in shipment of her goods to Nigeria.

4

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.* (internal quotation marks and citations omitted). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the "difficult burden" of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted). Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, citation, and emphasis omitted). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citations omitted); *See also*, *Jeffreys*,

5

426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. Choice of Law

As an initial matter, the Court must determine which state's law to apply here. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999) ("Federal courts exercising diversity jurisdiction must . . . determine which state's substantive law applies."). When jurisdiction in a case is premised upon diversity of citizenship, the choice of law rules and statutes of limitations of the state in which the court sits are applied. *See*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State"). The parties have not raised a choice of law issue, and both parties rely on New York law in support of their respective positions. *See, e.g.*, *Tehran-Berkeley Civil & Envtl. Engineers v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989) (finding implied consent to use a forum's law where parties' briefs relied on New York law). Accordingly, New York law applies.

## III. Analysis

### A. Breach of Contract

Plaintiff brings a breach of contract claim based on Defendants' alleged failure to transport Plaintiff's goods from a port in the United States to a port in Lagos, Nigeria by a certain date. *See generally*, Compl. In furtherance of her claim, Plaintiff attaches the bill of lading, dock receipt, and invoice. *See*, Compl., Exhibit A. Defendants claim full performance of their duties since

Plaintiff's goods were shipped from New York to Nigeria. Defs.' 56.1 at ¶ 4; Defs.' Mem. at 12.

"A bill of lading is a document normally issued by the shipowner when goods are loaded on its ship, and may . . . serve as a receipt, a document of title, a contract for the carriage of goods, or all of the above." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp.2d 333, 335, 341 n.2 (S.D.N.Y. 2013) (citing *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 823 (2d Cir. 2006) (internal quotation marks omitted)). In New York, "[t]he essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Canzona v. Atanasio*, 118 A.D.3d 837, 838 (2d Dep't 2014) (internal citation and quotation marks omitted). "Moreover, the plaintiff's allegations must identify the provisions of the contract that were breached." *Id*. (internal citation and quotation marks omitted).

Here, Plaintiff alleges breach of contract without identifying the provision in the bill of lading that was breached. Instead, Plaintiff claims Defendants refused to ship her goods to Nigeria although promising to do so by a certain date, and, if her goods were shipped, that Defendants refused to forward timely to Plaintiff the release document needed to retrieve her goods. Compl. at ¶¶ 12, 21; Pl. Opp'n at ¶ 21. However, Plaintiff shows her knowledge of the arrival of her goods in Nigeria by her own admission. *See*, Defs.' Mem., Exhibit I. The undisputed evidence shows that Plaintiff's goods shipped out of New York on November 24, 2018, and arrived in Lagos, Nigeria on December 14, 2018. Defs.' 56.1 at ¶¶ 3-4. On March 11, 2019, Defendants sent the release document for the goods to Plaintiff via email. *See*, Defs.' Mem., Exhibit K. To the extent Plaintiff alleges that the delay in receiving her goods or the release was caused by Defendants and constitutes a breach of contract, this argument fails as Plaintiff does not offer admissible proof of an agreed upon delivery date. Notably, the bill of lading is silent as to a delivery date. As Plaintiff fails to show the Defendants' breach of their contractual obligations by identifying the breached

7

provision, Plaintiff's breach of contract claim is dismissed.

### B. Conversion

Defendants assert that Plaintiff's conversion claim must be dismissed because "at no point did [Plaintiff] demand return of the goods." Defs.' Mem. at 21. Plaintiff opposes because "[she did] not know whether the goods were actually shipped to Nigeria by the Defendant or not." Pl. Opp'n at ¶ 38.

"Under New York law, conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *Bennex LC v. First Data Merch. Servs. Corp.*, 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016) (citing *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d Cir. 19997)). "Where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it." *Matter of Rausman*, 50 A.D.3d 909, 910 (2d Dept. 2008). In her opposition, Plaintiff is silent regarding a demand for the return of her goods.

Moreover, "a claim to recover damages for conversion cannot be predicated on a mere breach of contract." *Bennex LC*, 2016 WL 1069657, at *5 (citing *Wolf v. Nat'l Council of Young Israel*, 264 A.D.2d 416, 417 (2d Dep't 1999)). "Put differently, a plaintiff must allege acts that are unlawful or wrongful as distinguished from acts that are a mere violation of contractual rights." *Id*. (citations and internal quotation marks omitted). Here, Plaintiff's conversion claim is based upon the same theory as her breach of contract claim, specifically, that delivery was not made timely. *See*, Compl. at ¶ 64. Therefore, Plaintiff's failure to allege an unlawful or wrongful act independent of her failed breach of contract claim is fatal to her conversion claim, which is dismissed.

### C. Remaining Claims

Defendants move for summary judgment on Plaintiff's remaining claims, namely, intentional infliction of emotional distress, fraud, misrepresentation, and unfair and deceptive practices in violation of the NYSGBL. Plaintiff failed to address any of these claims in her opposition and addressed only the breach of contract and conversion claims. As such, Plaintiff's claims are dismissed as abandoned. *See*, *Jackson v. Federal Exp.*, 766 F.3d 183, 195 (2d Cir. 2014) ("a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims").

### CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is granted and this action is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
January 5, 2022

/s/
DORA L. IRIZARRY
United States District Judge

9